[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13545

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KA'DEEM I. SHEPPARD-SANKEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cr-00024-WKW-SMD-1

_____

Before WILSON, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Ka'Deem Sheppard-Sankey pleaded guilty to one count of possession of a firearm while under indictment for a felony offense, in violation of 18 U.S.C. § 922(n).  At his sentencing hearing, the district court applied a four-level enhancement for possessing that firearm in connection with another felony offense—specifically, drug trafficking.  *See* U.S. Sentencing Guidelines § 2K2.1(b)(6)(B).  The district court ultimately imposed a sentence of 42-months' imprisonment, a downward variance from the Guidelines range, which was 51 to 60 months.

On appeal, Sheppard-Sankey challenges his sentence for both procedural and substantive reasonableness.   On the procedural front, he argues that the district court erred by finding that he was engaged in drug trafficking at the time he possessed the firearm.  But when police arrested Sheppard-Sankey after a lengthy, high-speed chase, they found a pistol behind the passenger seat of the vehicle he was driving next to a backpack that contained 2.8 ounces of marijuana, several digital scales, and two loaded rifle magazines.  A search of his home uncovered packaging for illegal narcotics and another scale in a storage shed, as well as loose ammunition and several more loaded magazines in his bedroom.  Finally, an FBI agent testified at the sentencing hearing that Sheppard-Sankey's cellphone contained several recent text messages arranging drug deals with customers, as well as several undated photographs of, among other things, Sheppard-Sankey displaying firearms and offering marijuana and other drugs for sale.

22-13545                 Opinion of the Court                 3

This was more than enough evidence for the district court to conclude by a preponderance that Sheppard-Sankey possessed a firearm in connection with drug trafficking. The § 2K2.1(b)(6)(B) enhancement was not erroneous.

Sheppard-Sankey next argues that his 42-month sentence is substantively unreasonable. But the district court properly considered the 18 U.S.C. § 3553(a) factors and imposed a sentence that it concluded was sufficient but not greater than necessary to accomplish the purposes of criminal sentencing. Though Sheppard-Sankey complains on appeal that certain mitigating factors were not given due weight, the district court varied its sentence downward from the Guidelines range in reliance on those very factors. We see no error.

**AFFIRMED.**